JS 44 (Rev. 12/07) (cand rev 1-16-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Razoreye Media Group, Ltd., a British Virgin Islands corporation | Fan Action, Inc., an Indiana corporation, and Robert Firth |

| (b) County of Residence of First Listed Plaintiff **unknown**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>Karl S. Kronenberger (CA Bar No. 226112)<br>Kronenberger Burgoyne, LLP<br>150 Post St., Ste. 520<br>San Francisco, CA 94108  415-955-1155 | Attorneys (If Known)<br><br>Adam Brezine (CA Bar No. 220852)<br>Holme Roberts & Owen LLP<br>560 Mission St., 25th Floor<br>San Francisco, CA 94105  415-268-2000 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government<br>Plaintiff | ☐ 3 Federal Question<br>(U.S. Government Not a Party) |
| ☐ 2 U.S. Government<br>Defendant | ☒ 4 Diversity<br>(Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place<br>of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—<br>Med. Malpractice<br>☐ 365 Personal Injury —<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>& Disclosure Act<br>☐ 740 Railway Labor Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 875 Customer Challenge<br>12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER<br>PETITIONS** | ☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate<br>Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus –<br>Alien Detainee<br>☐ 465 Other Immigration<br>Actions | ☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 900 Appeal of Fee<br>Determination<br>Under Equal Access<br>to Justice<br>☐ 950 Constitutionality of<br>State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>another district<br>(specify): | ☐ 6 Multidistrict<br>Litigation | ☐ 7 Appeal to District<br>Judge from<br>Magistrate<br>Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. sec. 1332(a)

Brief description of cause:

Complaint for Breach of Contract and Promissory Fraud

| **VII. REQUESTED IN<br>COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)<br>IF ANY** | PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE<br>"NOTICE OF RELATED CASE". |
|---|---|

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
**(PLACE AND "X" IN ONE BOX ONLY)**        ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| March 5, 2008 | |

1   Adam Brezine (CA Bar No. 220852)
    HOLME ROBERTS & OWEN LLP
2   560 Mission St.
3   25th Floor
    San Francisco, CA 94105
4   Telephone: (415) 268-2000
    Facsimile: (415) 268-1999
5   *adam.brezine@hro.com*              E-filing
6
    Attorneys for Defendants
7   Fan Action Inc. and Robert Firth
8
9                     UNITED STATES DISTRICT COURT
                                                              *EDL*
10                    NORTHERN DISTRICT OF CALIFORNIA
11                                          ‍
    **Razoreye Media Group, Ltd.**, a British Virgin     CASE NO. _____  1296
12   Islands corporation,
                                            **NOTICE OF REMOVAL**
13                    Plaintiff,
                                            **(State Court Case No. C08-471698, San**
14          v.                              **Francisco Superior Court)**
15
    **Fan Action, Inc.**, an Indiana corporation, d/b/a
16   Blue & Gold Illustrated, d/b/a Blue & Gold
17   Traditions; and **Robert Firth**, an individual,
18                    Defendants.
19
20          Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Fan Action, Inc. ("Fan Action") and

21   Robert Firth (collectively, "Defendants") hereby remove to this Court the state court civil action

22   pending in the Superior Court of California in and for the County of San Francisco, entitled

23   *Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth,* Case No. C08-471698. A copy of

24   the Complaint (with Summons and Civil Cover Sheet) is attached as Exhibit A. In support of this

25   notice, Defendants state as follows:

26          1.      This action is removable to this Court under 28 U.S.C. § 1441 because the action is

27   within the original diversity jurisdiction of this Court. 28 U.S.C. § 1332(a). There is complete

28

1    diversity of citizenship because the Plaintiff and both Defendants are citizens of different states, and

2    citizens or subjects of a foreign state, and it is plain from the face of the Complaint that the amount

3    in controversy exceeds $75,000.00, exclusive of interest and costs.

4       2.    According to the Complaint, plaintiff Razoreye Media Ltd. is a citizen or subject of

5    the British Virgin Islands (its place of incorporation) and Florida (the location of its principal place

6    of business). Compl. ¶ 7. Defendants Fan Action and Firth are both citizens of Indiana. Compl. ¶¶

7    8-9.

8       3.    Plaintiff does not allege a specific dollar amount it is seeking from Defendants, and is

9    not required to do so under state law. But it is plain from the face of the Complaint that Plaintiff

10   seeks more than $75,000.00, exclusive of interest and costs. According to the Complaint, Plaintiff

11   claims at least the following amounts are in controversy in this case:

12       (a)    **$40,000.00** (the value of the contract at issue) (*see* Compl. ¶¶ 4 and 22);

13       (b)    "50% of the gross revenue generated from existing and new business

14              related to" two separate websites, *www.IrishToday.com* and

15              *www.BlueAndGold.com*, for a period of 12 months. (*See* Compl. ¶ 4). By

16              the figures included in Plaintiff's Complaint, this figure would be at least

17              **$39,980.00** for subscriptions to *www.IrishToday.com* alone (Compl. ¶ 12-

18              13) – and the gross revenue alleged to be at issue by Plaintiff includes

19              subscription costs for both websites, plus print distribution, apparel and

20              sports memorabilia sales. (Compl. ¶¶ 13-15);

21       (c)    "Exemplary" or punitive damages against Defendant Firth, who was

22              acting on behalf of Fan Action (*see* Compl. ¶ 9 and Prayer for Relief); and

23       (d)    Attorneys' fees. (Compl. Prayer for Relief).

24       4.    Both Defendants join in this Notice of Removal.

25       5.    Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will promptly be served

26   upon Plaintiff in the action and filed in the Superior Court of California in and for the County of San

27   Francisco, Case No. C08-471698.

28

NOTICE OF REMOVAL
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. _____

#35978 v1

6.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Defendants were first served with a copy of the Summons and Complaint in this matter on or about February 8, 2008.

7.      Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, with Summons and Civil Cover Sheet, which is the only pleading filed in the State Court, is attached to this Notice of Removal as Exhibit A.

8.      This Removal is without prejudice to all of Defendants' defenses to the removed action, including lack of personal jurisdiction over Defendants and lack of proper venue in this Court.

9.      This is not a case of the types identified in 28 U.S.C. § 1445.

Dated: March 5, 2008                    HOLME ROBERTS & OWEN LLP

By:     _Adam Brezine_
        Adam Brezine

        Attorneys for Defendants
        Fan Action, Inc. and Robert Firth

3
NOTICE OF REMOVAL
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. _____

#35978 v1

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Fan Action, Inc., an Indiana corporation, dba Blue & Gold
Illustrated, dba Blue & Gold Traditions;
Robert Firth, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Razoreye Media Group, Ltd, a British Virgin Islands corporation

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Civic Center Courthouse<br>400 McAllister<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*  08- 471698 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Karl S. Kronenberger                          150 Post Street, Suite 520, San Francisco, CA 94108
KRONENBERGER BURGOYNE, LLP         Phone: (415) 955-1155      karl@kronenbergerlaw.com

| DATE: FEB 1 2008 | Clerk, by CRISTINA E. BADISIA | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>   ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc. | www.USCourtForms.com |
|---|---|---|

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>—Karl S. Kronenberger (Bar No. 226112)<br>KRONENBERGER BURGOYNE, LLP<br>150 Post Street, Suite 520<br>San Francisco, CA 94108<br>  TELEPHONE NO.: (415) 955-1155    FAX NO.: (415) 955-1158<br>ATTORNEY FOR *(Name):* Razoreye Media Group, Ltd. | **FOR COURT USE ONLY**<br><br>ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>FEB 1 2008<br><br>GORDON PARK-LI, Clerk<br>BY: PHILLIP E LAUNER<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: Civic Center Courthouse
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center

CASE NAME:
Razoreye Media Group, Ltd. v. Fan Action, Inc.; Robert Firth

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC08-471698<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ✔ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  2 (Promissory Fraud & Breach Of Written Contract)
5. This case ☐ is  ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX

Date: January 29, 2008
Karl S. Kronenberger
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1  **KRONENBERGER BURGOYNE, LLP**
   Karl S. Kronenberger (Bar No. 226112)
2  Jeffrey M. Rosenfeld (Bar No. 222187)
   150 Post Street, Suite 520
3  San Francisco, CA 94108
   Telephone: (415) 955-1155
4  Facsimile: (415) 955-1158

5  Attorneys for Plaintiff Razoreye
   Media Group, Ltd.
6

7

8                COURT OF THE STATE OF CALIFORNIA
                    COUNTY OF SAN FRANCISCO
9

10

11

12  **Razoreye Media Group, Ltd,** a British       CASE NO: 08 - 471698
    Virgin Islands corporation,
13                                                  **COMPLAINT FOR DAMAGES AND
                  Plaintiff,                         INJUNCTIVE RELIEF**
14      v.                                                              BY FAX

15  **Fan Action, Inc.,** an Indiana corporation,
    dba **Blue & Gold Illustrated,** dba **Blue &**  **JURY TRIAL DEMANDED**
16  **Gold Traditions; Robert Firth,** an
    individual,
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

ENDORSED
FILED
San Francisco County Superior Court

FEB 1 2008

CASE MANAGEMENT CONFERENCE SET, Clerk
BY: _____ Deputy Clerk

JUL 3 2008 - 9:40 AM

DEPARTMENT 212

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    Plaintiff, Razoreye Media Group, Ltd. ("Razoreye") brings this Complaint against

2    Defendants Fan Action, Inc. and Robert Firth (collectively, "Defendants").

3

4                              **INTRODUCTION**

5    1.    Before March 30, 2006, Plaintiff owned and operated the Internet website

6    located at www.IrishToday.com ("Irish Today"). Irish today served as a news forum

7    dedicated to covering the University of Notre Dame's ("Notre Dame") football program

8    and recruiting efforts, and Plaintiff used the IRISH trademark in its business pursuant to a

9    license from Notre Dame.

10   2.    Fan Action, Inc. ("Fan Action") operated and continues to operate a similar

11   website, located at www.BlueAndGold.com ("Blue and Gold"), which is also dedicated to

12   covering Notre Dame's football program and recruiting efforts.

13   3.    On March 30, 2006, Plaintiff entered into a valid written contract with Fan

14   Action whereby Plaintiff agreed to sell all of its rights in Irish Today to Fan Action for

15   valuable consideration (the "Contract").

16   4.    Under the terms of the Contract, in addition to paying Plaintiff $40,000, Fan

17   Action agreed, for a period of twelve months from the date of the Contract, to pay Plaintiff

18   50% of the gross revenue generated from existing and new business related to both Irish

19   Today and Blue and Gold (after recouping of a $10,000 pre-payment).

20   5.    As part of this deal, Fan Action agreed to maintain, market, and promote

21   Irish Today and maximize its revenue.

22   6.    Despite these representations to Plaintiff, Fan Action and its President,

23   Robert Firth ("Firth"), had no intention of making these payments or maintaining Irish

24   Today. In material breach of the Contract, Fan Action has abandoned Irish Today and

25   refused to pay to Plaintiff any of Plaintiff's portion of the gross revenue due to Plaintiff

26   under the Contract.

27

28

COMPLAINT FOR DAMAGES AND
     INJUNCTIVE RELIEF

1

**PARTIES AND JURISDICTION**

2

3

4

7.      Plaintiff, Razoreye Media Group, Ltd is a British Virgin Islands corporation in good standing with its principal place of business at 8345 NW 66th St., No. 9819, Miami, Florida, 33166.

5

6

8.      Defendant, Fan Action, Inc. is an active, for-profit Indiana corporation, with its principal place of business at 1605 N. Horne Street, Mishawaka, IN 46545.

7

8

9.      Defendant, Robert Firth, is an individual residing in Mishawaka, Indiana. Firth is the President of Fan Action and negotiated the Contract on behalf of Fan Action.

9

10

11

10.     In the Contract, Plaintiff and Fan Action agreed that Plaintiff, in its sole discretion, could seek injunctive relief in any venue for disputes arising from the Contract, including the Superior Court for San Francisco County.

12

13

14

11.     Additionally, on information and belief, both Irish Today and Blue and Gold have had and continue to have active subscribers residing in California, which account for a significant portion of their revenue.

15

16

**GENERAL ALLEGATIONS**

17

18

19

20

12.     Before March 30, 2006 (the "Contract Date"), Irish Today was a leading website dedicated to covering the Notre Dame football program. Irish Today maintained a subscriber base of over 800 active subscribers, the vast majority of which subscribed to Irish Today on an annual basis.

21

22

23

13.     Irish Today generated revenue and profits from subscription fees. Prior to the Contract Date, Irish Today charged its subscribers $99.95 for a one year subscription to the Irish Today website.

24

25

26

14.     Since 1997, Defendant Fan Action has offered consumers a rival publication, Blue and Gold. Like Irish Today, Blue and Gold offers paying subscribers access to news about Notre Dame's football program.

27

28

15.     Blue and Gold generates revenue through electronic website memberships,

3      COMPLAINT FOR DAMAGES AND
       INJUNCTIVE RELIEF

but also through its distribution of a printed publication ($91.95 for a one year subscription or $178.75 for a two year subscription), as well as from apparel and sports memorabilia sales.

16.   Prior to the Contract Date, Defendant Firth, the President of Fan Action, approached Plaintiff about purchasing Irish Today.

17.   During these negotiations, Firth and his agent—Michelle Hamilton— represented to Craig Basaraba ("Basaraba"), Director of Operations for Razoreye, that: a) Irish Today was a competitor of Blue and Gold; b) Fan Action wished to purchase Irish Today and to operate Irish Today along with Blue and Gold; c) that Irish Today and Blue and Gold would benefit from the cross-promotion; and d) as compensation for the purchase of Irish Today, Fan Action would pay to Razoreye, on a prospective basis, a percentage of Blue and Gold's revenue of both Irish Today subscribers and new Blue and Gold subscribers.

18. ·  Firth also represented to Basaraba that Fan Action would implement tracking software to track what revenue was generated by which customers, so that the revenue could be properly distributed between Fan Action and Plaintiff.

19.   In actuality, Firth had no intention of fulfilling these obligations or implementing the tracking software, and Firth's statements constituted out-right misrepresentations, made with the intention of enticing Plaintiff to sell Irish Today to Fan Action.

20.   Basaraba, who was negotiating the Contract on behalf of Plaintiff, listened to and relied upon Firth's representations in deciding to enter into the Contract. Based on Firth's representations, Basaraba believed that Razoreye could generate significant compensation under the Contract. Based on Firth's representations, Plaintiff believed that a large number of Irish Today subscribers would also subscribe to Blue and Gold, thus generating significant new customer revenue, of which Plaintiff would be entitled to 50 percent if Plaintiff sold Irish Today to Fan Action. Based on Firth's representations,

4            COMPLAINT FOR DAMAGES AND
             INJUNCTIVE RELIEF

1

2

3

4

5

Plaintiff also believed that Irish Today's membership would grow, as a result of the promised cross-promotion, marketing, and revenue maximizing, again accounting for additional revenue of which Plaintiff would be entitled to 50 percent. But for Firth's representations, Basaraba would not have agreed to enter into the Contract on behalf of Razoreye.

6

7

8

9

21.    On March 30, 2006, Plaintiff and Fan Action entered the Contract, which was a valid contract titled Asset Sale & Purchase Agreement. A copy of the executed version of the Contract is attached hereto as Exhibit A, and incorporated herein by reference.

10

11

12

13

14

22.    Under the terms of the Contract, Plaintiff sold Irish Today to Fan Action for valuable consideration, including: a) $30,000 upon execution of the Contract, b) as partial prepayment of a future gross revenue share, $10,000 upon transfer of control of the Irish Today subscriber database and of the digital assets of Irish Today, and c) a fifty (50%) percent share of Blue and Gold's gross revenue for a period of 12 months.

15

16

17

18

19

23.    The fifty (50%) percent gross revenue share that Plaintiff was entitled to receive under the Contract—less the partial prepayment of $10,000—derived from: a) existing customers of Irish Today who were not already subscribers of Blue and Gold, b) any new subscribers or renewals to either Irish Today, and c) any new subscribers to Blue and Gold after the Contract Date.

20

21

22

23

24.    As part of the Contract, Fan Action represented and warranted that it would "execute all reasonable efforts to market and promote the Business [Irish Today] and its related products, as well as to ensure adequate gross revenue share payments to Seller in a timely manner."

24

25

26

27

25.    Shortly after the Contract had been executed, Fan Action completely abandoned the publication of Irish Today, integrating its content into Blue and Gold, and forcing its subscriber base to switch to Blue and Gold. As a consequence, and despite Plaintiff's oral and written requests, Fan Action has not taken any efforts to market and

28

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1    promote Irish Today.

2        26.    On information and belief, despite Plaintiff's oral and written requests, Fan

3    Action has refused to install and integrate the tracking software required in order

4    calculate the gross revenue share payable to Plaintiff under the Contract.

5        27.    Despite Plaintiff's several oral and written requests, Fan Action has refused

6    to provide an accounting of its revenue, and has refused to provide a breakdown of its

7    revenue segregated by the category of subscriber (e.g. existing Blue and Gold

8    subscribers v. existing Irish Today subscribers v. new Irish Today subscribers).

9        28.    Despite Plaintiff's several oral and written requests, Fan Action has refused

10    to make any payments based on Blue and Gold's and Irish Today's gross revenue, as

11    required under the Contract.

12

13                            **FIRST CAUSE OF ACTION**

14                    **Promissory Fraud against Robert Firth**

15        29.    Plaintiff re-alleges and incorporates herein the above paragraphs 1-28.

16        30.    Firth represented to Plaintiff that if Plaintiff sold Irish Today to Fan Action,

17    Fan Action would operate Irish Today alongside Blue and Gold and would make

18    reasonable efforts to market and promote Irish Today and maximize its revenue.

19        31.    Firth represented to Plaintiff that if Plaintiff sold Irish Today to Fan Action,

20    Fan Action would pay to Plaintiff a significant portion of the combined prospective gross

21    revenue of Irish Today and Blue and Gold.

22        32.    Firth represented to Plaintiff that if Plaintiff sold Irish Today to Fan Action,

23    Fan Action would install tracking software to monitor and distribute how much revenue

24    was generated by new and existing Irish Today customers and by new Blue and Gold

25    customers.

26        33.    Firth knew that his statements were false at the time he made them:  Firth

27    had no intention of marketing and promoting Irish Today; Firth had no intention of

28

                            6    **COMPLAINT FOR DAMAGES AND**
                                 **INJUNCTIVE RELIEF**

1    installing tracking software; and Firth had no intention of paying Plaintiff a portion of Blue

2    and Gold's or Irish Today's prospective gross revenue.

3       34.    Firth made these misrepresentations to Plaintiff and Plaintiff's employee in

4    order to induce Plaintiff to sell Irish Today to Fan Action.

5       35.    Plaintiff and Plaintiff's employee relied upon Firth's misrepresentations in

6    deciding to enter into the Contract, because Plaintiff anticipated that Blue and Gold's

7    prospective gross revenue after the execution of the Contract would be significant and

8    would justify the sale.

9       36.    Firth's misrepresentations were reprehensible, fraudulent, and in blatant

10   disregard for public policy favoring free contracting among businesses.

11      37.    As a direct result of Firth's misrepresentations, Plaintiff has suffered

12   damages.

13

14                              **SECOND CAUSE OF ACTION**

15                    **Breach of Written Contract against Fan Action**

16      38.    Plaintiff re-alleges and incorporates herein the above paragraphs 1-28.

17      39.    On March 30, 2006 Plaintiff and Fan Action agreed to and executed a valid

18   and unambiguous contract.

19      40.    The Contract was supported by valuable consideration.

20      41.    Plaintiff has fulfilled its obligations under the Contract.

21      42.    Fan Action has materially breached the Contract, including by: a) failing to

22   make any payment of a portion of its gross revenue to Plaintiff, as required under Section

23   3(c) of the Contract; b) failing to provide any accounting of its revenue, as necessary

24   under Section 6 of the Contract; and c) failing to execute all reasonable efforts to market

25   and promote the Irish Today business and its related products, as required under Section

26   6 of the Contract.

27      43.    As a result of Fan Action's breaches, Plaintiff has suffered damages.

28

1
2
3

**PRAYER FOR RELIEF**

4

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each

5

and every cause of action set forth above and award it relief including, but not limited to,

6

the following:

7
8
9

1.    Injunctive relief against Fan Action, in the form of, but not limited to, an order requiring Fan Action to produce quarterly accounts for a twelve month period beginning on March 30, 2006;

10
11

2.    An award of compensatory damages against Defendants in an amount to be determined at trial;

12
13
14

3.    An award of exemplary damages against Firth, in an amount to be determined at trial, to serve as a punishment and deterrent in light of Firth's substantial wrongful acts;

15

4.    An award of pre- and post-judgment interest on all damages;

16
17
18

5.    An award of reasonable costs and attorneys' fees incurred by Plaintiff in connection with litigation concerning Defendants' wrongful acts as alleged herein; and

19
20

6.    Such other further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

21

Respectfully Submitted,

22

DATED: January 29 , 2008

23

**KRONENBERGER BURGOYNE, LLP**

24



By:_____

25
26
27

Karl S. Kronenberger
Attorney for Plaintiff Razoreye Media
Group, Ltd.

28

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

1
2
## DEMAND FOR JURY TRIAL
3
Plaintiff hereby demands a trial by jury of all issues so triable in this action.
4
5
Respectfully Submitted,
6
7
DATED: January 29, 2008                    **KRONENBERGER BURGOYNE, LLP**
8
9                                          By:
10                                              Karl S. Kronenberger
11
12                                          Attorney for Plaintiff Razoreye Media
                                            Group, Ltd.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9    **COMPLAINT FOR DAMAGES AND
     INJUNCTIVE RELIEF**

# Exhibit A

Dec 19 07 09:46a    Cr.     Basaraba
Mar 31 06 08:00a    Craig Basaraba              250-48    717       p.1
Mar 30 06 04:57p    Blue&Gold Illustrated       250-483-4717       p.2
                                                5742559700          p.2

## ASSET SALE & PURCHASE AGREEMENT

This asset sale and purchase agreement ("Agreement") is entered into as of March 30, 2006 between Fan Action, Inc., 1605 N. Home Street, Mishawaka, IN 46545 ("Buyer"), and Razoreye Media Group, Ltd., 4152 Meridian St. PMB #105 - 435, Bellingham, WA 98226 ("Seller") (Buyer and Seller, collectively, the "Parties"). Each of the owners of Seller ("Owners") have joined in this Agreement for the purpose of guaranteeing to Buyer the performance of Sellers obligations hereunder and agreeing to observe the covenants set forth in Section 3 hereof.

WHEREAS, the Buyer desires to purchase and Seller agrees to sell assets, as detailed in Exhibit A ("Assets");

WHEREAS, the Parties desire to enter into an Agreement detailing the terms of the sale of such assets from Seller to Buyer;

The Parties hereby agree as follows:

1.    Sale of Assets.  Subject to the terms and conditions in this Agreement, Seller hereby sells, assigns, transfers, conveys, and delivers to Buyer, and Buyer hereby purchases, all of the following:  Seller's tangible and intangible property, wherever located, including all unknown and contingent rights in the business commonly referred to as "IrishToday.com", found at www.IrishToday.com, further described in Exhibit A (hereinafter, the "Business"); Seller's goodwill, insurance and other contract benefits, domain name, website, inventories, accounts receivable, and all other assets as used in the Business; any and all other assets associated with the Business, to include assets contained in the complete and accurate list of all of Business assets in Exhibit A.  Upon the execution of this instrument, Seller will thereby vest in Buyer good and marketable title to said assets, free and clear of any and all liens, charges and encumbrances.

2.    Transfer of Intellectual Property.  Seller hereby assigns and conveys to Buyer, all worldwide right, title and interest in and to certain works developed, created, invented, conceived, reduced to practice, or authored, either solely or jointly with others, with respect to the assets as described in Exhibit A, to include the domain name, website, other licenses, web development, software development, design work, engineering work and/or computer software characters, artwork, programs and documentation known as the IrishToday.com and found at www.IrishToday.com, and any modifications, amendments, translations, upgrades, updates, enhancements, derivative works and any other changes to or attendant to the assets contained in Exhibit A, including worldwide trademark, copyright, trade secret, patent and all other proprietary rights (collectively, the "Works").  Seller shall provide Buyer with all materials or information prepared by Seller related to the assets in Exhibit A and the Business, retaining no copies thereof without the prior written consent of Buyer.  Seller additionally agrees to destroy any digital copies of databases, computer code or other intellectual property of the Business after Seller confirms the successful transfer of such intellectual property to Buyer.  Furthermore, Seller agrees to memorialize further this assignment by signing the assignment transfer document that is attached to this Agreement.

Buyer

Seller

- 1/13 -

Dec 19 07 09:46a    Craig Basaraba        250-483-4717        p.2
- Mar. 31 06 08:01a    Craig Basaraba        250-483-4717        p.3
    Mar 30 06 04:58p    Blue&Gold Illustrated    5742559700        p.3

3.    Purchase Price & Payments. In consideration of the sale and transfer to Buyer by Seller of all the acquired assets of the Business, as provided above, Buyer hereby agrees to make payment of as follows and subject to the stated factors below:

a.    Upon execution of this agreement, Buyer shall make payment to Seller in the amount of $30,000, by certified check sent via courier or international wire transfer payable to Razoreye Media Group, Ltd.

b.    Upon receiving FTP information for access to the HTML, text and subscriber data files residing at www.irishtoday.com, Buyer shall make an additional payment to Seller in the amount of $10,000, by certified check sent via courier or international wire transfer payable to Razoreye Media Group, Ltd. This amount shall be considered a partial prepayment of monies calculated according to Section 3c.

c.    For each three months after the Effective Date, until twelve months from the Effective Date, Buyer shall pay to Seller 50% of the gross revenue generated by the Business, less the partial prepayments as detailed in 3.b above. The revenue sources to be included in gross revenue under this paragraph are: a) derived from the unique Irish Today names (names not already on Blue & Gold database), and b) after the Effective Date, any new subscribers or renewals to irishtoday.com; and any new subscribers to blueandgold.com. Payments shall be made by certified check or international wire transfer payable to Razoreye Media Group Ltd. within ten (10) business days after the end of each three-month period.

4.    Liabilities, Bulk Sales Law, and Sales Tax. Except as otherwise expressly provided in this Agreement, Buyer is not assuming any of Seller's liabilities or obligations, and Seller agrees to pay and discharge all of its liabilities and obligations promptly as due and in due course. Buyer hereby assumes the contractual obligations of the Seller to provide subscription content to current subscription customers of the Business (to the extent the subscribers are named in the list provided by Seller), pursuant to the terms and conditions between the Business and its subscription customers (as disclosed by Seller to Buyer). Buyer waives compliance with the requirements of the bulk sales law as provided in the Uniform Commercial Code, but retains all of its rights and defenses.

5.    Seller's Representations, Warranties, and Covenants. Seller represents, warrants, and covenants to Buyer as follows:

a.    Approval, Authority, and Ownership. All approvals required for Seller to enter into this Agreement and sell its assets have been duly obtained, and Seller has full power, authority, and ownership to enter into this Agreement and to effectuate all of the transactions contemplated, without any conflict with any other restrictions or limitations, imposed by any law, legal requirement, agreement, or otherwise. Seller warrants that Seller is the sole owner of IrishToday.com and www.IrishToday.com, and Seller may enter this agreement on behalf of IrishToday.com and www.IrishToday.com without the approval of any other person or entity.

b.    Condition of Assets. All of the assets transferred under this Agreement, including any and all web applications and web programming, are in


Buyer
Seller

- 2/13 -

Dec 19 07 09:46a    Craig Basaraba    250-483-4717    p.3
Mar 31 06 08:01a    Craig Basaraba    250-483-4717    p.4
Mar 30 06 04:58p    Blue&Gold Illustrated    5742559700    p.4

good condition and repair and are fit for the particular purposes for which they are intended to be used; all accounts, notes, and other receivables, to Seller's knowledge as of the date of this Agreement, are fully collectible when due and payable; and all of Seller's intangible rights, as of the date of this Agreement, are solely and exclusively owned by Seller without any infringement on any rights of others. Neither the names of current and past subscribers of the Business, information regarding those subscribers or any list of subscribers have been traded or sold by Seller.

c.    Existing Relationships.  Seller does not know of any plan or intention of any of Seller's employees, partners, independent contractors, affiliates, marketing partners, vendors, or customers to sever relationships or existing contracts with Seller or to take any other action that would adversely affect the business of Seller.

d.    Claims and Litigation.  There are no lawsuits, threats of litigation, claims, or other demands affecting or involving Seller or the Business, arising or accruing before the date of this Agreement, that may become a liability or obligation of Buyer or adversely affect its conduct of the business involving the assets purchased under this Agreement.

e.    Seller's Knowledge and Disclosure.  Seller does not know, or have reason to know, of any matters, occurrences, or other information that has not been disclosed to Buyer and that would materially and adversely affect the assets purchased by Buyer or its conduct of the business involving such assets.

f.    Seller Covenants.  Seller agrees and covenants as follows:

i)    Confidentiality & Nondisclosure.  Seller and each Owner acknowledges that the existence and contents of this Agreement and all negotiations relating to the Agreement are confidential information ("Confidential Information").  Seller and each Owner also agrees that the following information relating to the Business shall be deemed Confidential Information:  All business strategies, financial condition, business plans, data, business records, customer lists; any and all information concerning the Business current, future or proposed offerings, including, but not limited to, unpublished computer code (both source code and object code), drawings, specifications, notebook entries, technical notes and graphs, computer printouts, technical memoranda and correspondence (written, e-mail or phone conversations), product development agreements and related agreements.

Seller and each Owner agrees that it will not disclose Confidential Information to any third party.  Seller may, however, disclose information if required by law or court order, provided that Seller gives Buyer prior written notice and makes good faith best efforts to obtain confidential treatment for such Confidential Information.

ii)    Cooperation.  Seller and each Owner agrees to cooperate with Buyer, and on Buyer's reasonable request, to execute all documents and take all actions as reasonably necessary to perfect and implement Buyer's full ownership of the assets of Seller

Buyer

Seller

- 3/13 -

Dec 19 07 09:47a    Craig Basaraba    250-483-4717    p.4
Mar 31 06 08:02a    Craig Basaraba    250-483-4717    p.5
Mar 30 06 04:58p    Blue&Gold Illustrated    5742559700    p.5

purchased under this Agreement, to protect the good will transferred, and to prevent any disruption of Buyer's business relating to any of Seller's employees, editor, writers, partners, suppliers, customers, or other business relationships.

iii) Non-solicitation. Seller and each Owner agree for a period of five (5) years (a) to refer all inquiries related to the Business to Buyer, (b) not to solicit any current or past subscriber of the Business for any commercial activity (such as subscriptions or merchandise sales) and (c) not to compete with the Business as currently conducted.

6. Buyer's Representations, Warranties, and Covenants. Buyer represents and warrants that it has full authority and approval to enter into this Agreement and to effect all of the transactions contemplated to be performed by Buyer in this Agreement, and covenants that it will make all payments and perform all such actions as required of it by this Agreement. Buyer further represents and warrants that it will execute all reasonable efforts to market and promote the Business and its related products, as well as to ensure adequate gross revenue share payments to Seller in a timely manner.

7. Indemnity. Buyer will defend and indemnify Seller, and hold the Seller harmless from, any and all claims, liability, damages, losses, expenses and costs (including, but not limited to, reasonable attorneys' fees) resulting from, arising out of, or alleging facts i) that would constitute a breach of any warranties, representations, or obligations contained in this Agreement, ii) any violation or alleged violation of any state or federal law subsequent to the Effective Date of this Agreement, relating to the Business overall but specifically including alleged violations of state and federal anti-spam laws, and iii) any allegations from the University of Notre Dame arising after the Effective Date relating to the use of the word "Irish." Seller will defend and indemnify Buyer, and hold the Buyer harmless from, any and all claims, liability, damages, losses, expenses and costs (including, but not limited to, reasonable attorney's fees) resulting from, arising out of, or alleging facts i) that would constitute a breach of any warranties, representations, or obligations contained in this Agreement, ii) any obligation relating to the conduct of the Business during periods prior to the Effective Date of the Agreement. Seller and Buyer will each provide reasonable cooperation to the other in defense of claims and reserves the right to control any such defense in the event that they receive an opinion of counsel that the indemnifying party is not effectively protecting the other's rights and the indemnifying party does not after thirty (30) days notice of that opinion, take action reasonably requested to protect its rights.

8. Transition Assistance. Seller will assist Buyer in transitioning the technical content and systems, all data stored on Seller's webserver, hosting company relationships, relationships with freelancers, customer service requirements, as well as any other assistance that is required for a successful transition to Buyer. Seller's contact information for the purpose of transition assistance is: craig@razoreye.com. In addition to the above obligations, Seller agrees to the following specific transition assistance obligations:

a) From the Effective Date through the end of a 2-week period, Seller shall provide Buyer with assistance and training regarding newsletter delivery.

Buyer
Seller

- 4/13 -

Dec 19 07 09:48a    Craig Basaraba         250-483-4717         p.5
Mar 31 06 08:02a    Craig Basaraba         250-483-4717         P.6
    Mar 30 06 04:59p     BlueGold Illustrated     5742558700     p.6

b)    Seller shall give Buyer a complete briefing on the operational procedures of www.IrishToday.com, and all other operations listed in Exhibit A.

9.    Severability. If for any reason a court of competent jurisdiction finds any provision or portion of this Agreement to be unenforceable, that provision of the Agreement will be enforced to the maximum extent permissible so as to effect the intent of the parties, and the remainder of this Agreement will continue in full force and effect.

10.    No Agency. The Parties are independent contractors and will have no power or authority to assume or create any obligation or responsibility on behalf of each other. This Agreement will not be construed to create or imply any partnership, agency, or joint venture.

11.    Governing Law; Jurisdiction. This Agreement shall be governed by the laws of the state of Indiana without giving effect to provisions related to choice of laws or conflict of laws. Venue and jurisdiction of any lawsuit involving this Agreement shall exist exclusively i) in state and federal courts in or near St. Joseph County, Indiana, for any action brought by Seller or Owners, and ii) in state and federal courts in or near San Francisco County, California, for any action brought by Buyer, unless injunctive relief is being enforced by Buyer or Seller, and, according to Seller's sole discretion, such relief may not be effective unless enforced in another venue.

12.    Notices. All notices or other communications shall be in writing and shall be personally delivered or, if mailed, sent to the following relevant address or to such other address as the recipient party may have indicated to the sending party in writing:

IF TO SELLER:    Craig Basaraba
                 Razoreye Media Group, Ltd.
                 4152 Meridian St. PMB 431 - #105
                 Bellingham, WA 98226

IF TO BUYER:     Bob Firth
                 Fan Action, Inc.
                 1605 N. Home Street
                 Mishawaka, IN 46545

13.    Opportunity to Consult with Counsel. The Parties acknowledge that they have read this Agreement, freely and voluntarily agree to all its terms and conditions, and have independently evaluated the desirability of entering into this Agreement. Each Party acknowledges that it has consulted, or has had ample opportunity to consult, legal counsel regarding this Agreement and each and every provision of this Agreement.

14.    Supersede. This Agreement supersedes all previous agreements between the Parties, contains the whole of the Agreement between the Parties, and may not be modified except in writing.

                                                              Buyer

                                                              Seller

- 6/13 -

Dec 19 07 09:49a    Craig Basaraba       250-483-4717       P.6
Mar 31 06 08:03a     Craig Basaraba       250-483-4717       p.7
Mar 30 06 04:59p     Blue&Gold Illustrated -   5742555700       P.7

Case 3:08-cv-01296-EDL    Document 1    Filed 03/05/2008    Page 23 of 33

15.    Materiality.  All provisions of this Agreement shall be deemed to be material provisions of this Agreement.

16.    Counterparts.  This Agreement may be executed in counterparts, to include facsimile counterparts, each of which will be deemed an original, but both of which together will constitute one and the same instrument.

17.    Effective Date.  This Agreement becomes effective when executed by both parties.  The parties agree to execute all documents and take all further actions reasonably necessary to accomplish the provisions of this Agreement.


Buyer
Seller

- 6/13 -

Dec 19 07 09:49a    Cr    Basaraba         250-48    4717       p.7
Mar 31 08 08:03a    Craig Basaraba         250-483-4717        p.8
Mar 30 06 04:59p    Blue&Gold Illustrated    S742SS3700        p.8

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates listed below.

Razoreye Media Group, Ltd.
4152 Meridian St. PMB #105-435
Bellingham, WA 98226

By: _____

Name: D. Craig Basaraba
Title: Director of Operations

Date: _____

Fan Action, Inc.
1605 N. Home Street
Mishawaka, IN 46545

By: _____

Name: Bob Firth
Title: President

Date: _____

- 7/13 -

## ASSIGNMENT OF WORKS

Razoreye Media Group, Ltd. ("Assignor") assigns and conveys to Fan Action, Inc. ("Assignee"), all worldwide right, title and interest in and to certain works created, invented, conceived, reduced to practice, authored, developed or delivered by Assignor either solely or jointly with others, with respect to the website, software development, design work, engineering work and/or computer software characters, artwork, programs and documentation known as IrishToday.com and the assets (including the domain name) of IrishToday.com (the "Work Product") or related to the project as described in the attached Exhibit A, and any modifications, amendments, translations, upgrades, updates, enhancements, derivative works and any other changes in or attendant to the Work Product, including worldwide trademark, copyright, trade secret, patent and all other proprietary rights (collectively, the "Works"). Assignor shall provide Assignee with all materials or information prepared by Assignor related to the Work Product retaining no copies thereof without the prior written consent of Assignee.

Assignee shall have the right to use the whole of the Works, any part or parts thereof, as Assignee sees fit, subject to the limitation that Assignee must make reasonable efforts to maintain the marketability and profitability therein. Assignee may alter the Works, add to them, or combine them with any other work or works at its sole discretion, also subject to the aforementioned limitation. Notwithstanding the foregoing, all original material created in whole or part by Assignor as part of the Works or as part of the process of creating the Works, including but not limited to designs, drawings, models, prototypes, programs, listings, printouts, documentation, notes, flow charts, and programming aids, shall be the property of Assignee whether or not Assignee uses such material. No rights in the Works are reserved by Assignor.

All programs, specifications, documentation and all other technical information prepared in whole or in part by Assignor in connection with the Works is, will become and will remain Assignee's sole property.

Assignor agrees that it will not seek, and that it will require its employees, agents and representatives to not seek any form of intellectual property protection for any rights in any of the Works. Assignor irrevocably waives its moral rights in the Works. Assignor shall have no rights and shall not communicate to any third party the nature or details relating to the Works. Assignor agrees that it shall do, and that it will require its employees, agents and representatives (if any) to do, at Assignee's expense, any and all acts, and shall execute any and all instruments which Assignee may reasonably request, to vest in Assignee or its nominees ownership of all Works.

Assignor:

Razoreye Media Group, Ltd.
4152 Meridian Street, PMB #105 – 435
Bellingham, WA 98226

Date: March 30/06

By: _____
Craig Basaraba, Director of Operations
Razoreye Media Group, Ltd.

Assignee:

Fan Action, Inc.
1605 N. Home Street
Mishawaka, IN 46545

Date: _____

By: _____
Bob Firth
Fan Action, Inc.

Buyer
Seller

- 8/13 -

## TRANSFER AND ASSIGNMENT OF TRADEMARK

This Transfer and Assignment of Trademark (this "Assignment") is made and entered into as of March 30, 2006, by and between Razoreye Media Group, Ltd. ("Assignor") and Fan Action, Inc. ("Assignee").

WHEREAS, the Assignor has adopted, used, is using and is the owner of the following trademark:

| Trademark | Date of First Use |
|---|---|
| IrishToday.com | May 2, 2002 |

WHEREAS, Fan Action, Inc. is desirous of acquiring said trademark,

NOW THEREFORE, in exchange for good and valuable consideration, the receipt of which is hereby acknowledged, Assignor hereby assigns to Fan Action, Inc., all right, title and interest in the United States in and to said trademark, together and with the goodwill of the business symbolized by said trademark,

Signed this 30th day of March, 2006.

Razoreye Media Group, Ltd.
4152 Meridian St. PMB #105 - 435
Bellingham WA 98226

By:

Name: D. Craig Basaraba

Title: Director of Operations

Fan Action, Inc.
1605 N. Home Street
Mishawaka, IN 46545

By:

Name: Bob Fith

Title: President

- 9/13 -

## EXHIBIT A

**Name**: IrishToday.com, located at www.IrishToday.com (hereinafter, the "Assets" and/or the "Business")

**Description of Assets**: IrishToday.com is an email newsletter that features Notre Dame Football and recruiting news. It is a subscription-based service that provides 3 weekly publications during the off-season, and 5 weekly publications during regular seasonal play. Annual subscriptions are billed to credit card for $99.95, and monthly subscriptions are billed to credit card in recurring payments of $14.95. The publication contains articles written by former coaches, players, and sports reporters who submit regular writings on a contract basis.

The Assets of the Business include:

1. The domain name www.IrishToday.com; and all domain names set forth on the attached listing of domain names (EXHIBIT B);
2. The trade name "IrishToday.com" as well as the trade names and goodwill associated with the domain name www.IrishToday.com; All logos, graphics and headers relating to IrishToday.com, to include logos, graphics and headers used in the Irish Today newsletter, the Irish Lite newsletter, landing pages and merchant accounts;
3. All merchant accounts relating to the Business existing with 2checkout.com (versions 1 and 2) and all records relating to payments and payment history from subscribers and to vendors;
4. The .pdf premium entitled "Fighting Irish Football History Quick Guide";
5. Complete list of current and past/expired subscribers, including HTML and text subscribers, of Irish Today and Irish Lite including credit card and billing information;
6. Complete list and contact information for existing marketing partners of IrishToday.com;
7. Complete archive of previous issues of Irish Today and Irish Lite;
8. HTML files and text templates residing on the www.IrishToday.com webserver, to include any and all HTML files and text templates used for Irish Today and Irish Lite;
9. Photography taken by free lance photographers in 2005;
10. All trademark and trade name rights that Seller owns in the name IrishToday.com or the website www.IrishToday.com, regardless of whether any such mark is filed with any governmental trademark registry;

Razoreye Media Group, Ltd.
4152 Meridian St. PMB #105 - 435
Bellingham, WA 98226

By: _____

Name: D. Craig Basaraba
Title: Director of Operations

Date: __March 30/06__

Fan Action, Inc.
1605 N. Home Street
Mishawaka, IN 46545

By: _____

Name: Bob Firth
Title: President

Date: _____

☒ Buyer
☒ Seller

- 10/13 -

**EXHIBIT B**

**Football Div 1A**

| Nickname | College | Domain |
|---|---|---|
| Aggies | Texas A&M | aggiesnow.com |
| Falcons | Air Force | airforcetoday.com |
| Black Knights | Army | armytoday.com |
| Tigers | Auburn | auburntigerstoday.com |
| Aztecs | San Diego St. | aztecstoday.com |
| Badgers | Wisconsin | badgerstoday.com |
| Cardinals | Ball St. | ballstatetoday.com |
| Bears | Baylor | baylortoday.com |
| Bearcats | Cincinnati | bearcatstoday.com |
| Golden Bears | California | goldenbearstoday.com |
| Beavers | Oregon St. | beaverstoday.com |
| Blazers | UAB | blazerstoday.com |
| Blue Devils | Duke | bluedevilstoday.com |
| Bobcats | Ohio | bobcatstoday.com |
| Boilermakers | Purdue | boilermakerstoday.com |
| Broncos | Boise State | Bsutoday.com |
| Bruins | UCLA | bruinstoday.com |
| Buckeyes | Ohio State | buckeyesnow.com |
| Buffaloes | Colorado | buffaloestoday.com |
| Bulldogs | Georgia | bulldogstoday.com |
| Bulls | South Florida | bullstoday.com |
| Cougars | BYU | Byutoday.com |
| Rajin Cajuns | Louisiana Lafayette | cajunstoday.com |
| Cardinals | Louisville | cardinalstoday.com |
| Cardinal | Stanford | cardinalltoday.com |
| Cavaliers | Virginia | cavalierstoday.com |
| Chippewas | Central Michigan | chippewastoday.com |
| Commodores | Vanderbilt | commodorestoday.com |
| Cougars | Washington State | cougarstoday.com |
| Cowboys | Oklahoma State | cowboystoday.com |
| Cyclones | Iowa State | cyclonestoday.com |
| Demon Deacons | Wake Forest | deaconstoday.com |
| Ducks | Oregon | duckstoday.com |
| Eagles | Boston College | eaglestoday.com |
| Falcons | Bowling Green | falconstoday.com |
| Golden Flashes | Kent State | flashestoday.com |
| Horned Frogs | TCU | frogstoday.com |
| Bulldogs | Fresno State | fsutoday.com |
| Gamecocks | South Carolina | gamecockstoday.com |
| Gators | Florida | gatorstoday.com |
| Golden Eagles | Southern Miss | goldeneaglestoday.com |

Buyer

Seller

| Golden Gophers | Minnesota | gopherstoday.com |
| Hawkeyes | Iowa | hawkeyestoday.com |
| Thundering Herd | Marshall | herdtoday.com |
| Hokies | Virginia Tech | hokiestoday.com |
| Hoosiers | Indiana | hoosierstoday.com |
| Hurricanes | Miami | hurricanestoday.com |
| Corn Huskers | Nebraska | huskerstoday.com |
| Huskies | Washington | huskiestoday.com |
| Cougars | Houston | hutoday.com |
| Fighting Illini | Illinois | illinitoday.com |
| Indians | Arkansas State | indianstoday.com |
| Jayhawks | Kansas | jayhawkstoday.com |
| Scarlet Knights | Rutgers | knightstoday.com |
| Wildcats | Kansas State | ksutoday.com |
| Nittany Lions | Penn State | lionstoday.com |
| Lobos | New Mexico | lobostoday.com |
| Longhorns | Texas | longhornstoday.com |
| Bulldogs | Louisiana Tech | ltutoday.com |
| Mean Green | North Texas | meangreentoday.com |
| Midshipmen | Navy | midshipmentoday.com |
| Miners | UTEP | minerstoday.com |
| Tigers | Missouri | mizzoutoday.com |
| Mountaineers | West Virginia | mountaineerstoday.com |
| Bulldogs | Miss St. | msubulldogstoday.com |
| Mustangs | SMU | mustangstoday.com |
| Tigers | Memphis | mutigerstoday.com |
| Huskies | Northern Illinois | niutoday.com |
| Aggies | New Mexico State | nmstatetoday.com |
| Wildcats | Northwestern | nwutoday.com |
| Rebels | Ole Miss | olemisstoday.com |
| Owls | Temple | owlstoday.com |
| Wolf Pack | Nevada | wolfpacktoday.com |
| Panthers | Pittsburgh | pantherstoday.com |
| Pirates | East Carolina | piratestoday.com |
| Rams | Colorado State | csutoday.com |
| Razorbacks | Arkansas | razorbackstoday.com |
| Rebels | UNLV | rebelstoday.com |
| RedHawks | Miami (OH) | redhawkstoday.com |
| Red Raiders | Texas Tech | redraiderstoday.com |
| Owls | Rice | ricetoday.com |
| Rockets | Toledo | rocketstoday.com |
| Seminoles | Florida St. | seminolestoday.com |
| Sooners | Oklahoma | soonerstoday.com |
| Spartans | Michigan St. | spartanstoday.com |
| Sun Devils | Arizona St. | sundevilstoday.com |

Buyer
Seller

| Orange | Syracuse | suorangetoday.com |
| Tar Heels | North Carolina | tarheelstoday.com |
| Terrapins | Maryland | terrapinstoday.com |
| Crimson Tide | Alabama | tidetoday.com |
| Tigers | Clemson | tigerstoday.com |
| Tigers | LSU | tigerstoday.com |
| Trojans | USC | trojanstoday.com |
| Trojans | Troy St. | troystatetoday.com |
| Golden Knights | UCF | ucftoday.com |
| Huskies | Connecticut | uconntoday.com |
| Wildcats | Kentucky | ukwildcatstoday.com |
| Eagles | Eastern Michigan | umutoday.com |
| Aggies | Utah State | utahstatetoday.com |
| Utes | Utah | utestoday.com |
| Vandals | Idaho | vandalstoday.com |
| Volunteers | Tennessee | volunteerstoday.com |
| Warriors | Hawaii | warriorstoday.com |
| Green Waves | Tulane | wavestoday.com |
| Wildcats | Arizona | wildcatstoday.com |
| Broncos | Western Michigan | wmutoday.com |
| Wolfpack | NC State | ncstatetoday.com |
| Wolverines | Michigan | wolverinestoday.com |
| Cowboys | Wyoming | uwcowboystoday.com |
| Yellow Jackets | Georgia Tech | yellowjacketstoday.com |
| Zips | Akron | zipstoday.com |

Buyer
Seller

- 13/13 -

1   Adam Brezine (CA Bar No. 220852)
    HOLME ROBERTS & OWEN LLP
2   560 Mission Street, 25th Floor
    San Francisco, California 94105
3   Telephone:    (415) 268-2000
    Facsimile:    (415) 268-1999
4   adam.brezine@hro.com

5   Attorneys for Defendants
    FAN ACTION, INC. AND
6   ROBERT FIRTH

7

8                    **UNITED STATES DISTRICT COURT**
9                  **NORTHERN DISTRICT OF CALIFORNIA**

10  | **Razoreye Media Group, Ltd.**, a British Virgin | CASE NO. _____ |
    | Islands corporation, | |
11  | | **PROOF OF SERVICE** |
12  | Plaintiff, | |
    | | **(State Court Case No. C08-471698, San** |
13  | v. | **Francisco Superior Court)** |
14  | **Fan Action, Inc.**, an Indiana corporation, d/b/a | |
    | Blue & Gold Illustrated, d/b/a Blue & Gold | |
15  | Traditions; and **Robert Firth**, an individual, | |
16  | | |
    | Defendants. | |
17

18

19

20

21

22

23

24

25

26

27

28                              PROOF OF SERVICE
                *Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*

HOLME ROBERTS & OWEN LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105
(415) 268-1984

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, California 94105.

On March 5, 2008, I served the foregoing document(s) described as

### Notice of Removal

on the interested party/parties in this action as follows:

Karl S. Kronenberger                          *Attorneys for Plaintiff*
Jeffrey M. Rosenfeld
Kronenberger Burgoyne LLP
150 Post St.
Suite 520
San Francisco, CA 94108

☐    BY PERSONAL SERVICE: I caused the above-mentioned document(s) to be personally served to the offices of the addressee as indicated above.

☐    BY FACSIMILE: I communicated the above-mentioned document(s) via facsimile transmittal to the addressee as indicated above. The transmission was reported complete and without error by a transmission report issued by the facsimile transmission machine as defined in California Rule of Court 2003 upon which the said transmission was made immediately following the transmission. A true and correct copy of the transmittal report bearing the date, time and sending facsimile machine telephone number shall be attached to the original proof of service.

☐    BY ELECTRONIC MAIL (E-MAIL): I caused the above-mentioned document(s) to be served via electronic mail from my electronic notification address to the electronic notification address of the addressee as indicated above. The document was served electronically and the transmission was reported complete without error.

#28810 v1

HOLME ROBERTS & OWEN LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105
(415) 268-1984

1    ☐    BY FEDERAL EXPRESS: I caused the above-mentioned document(s) to be sent

2    via Federal Express overnight delivery. By placing a true and correct copy of such document(s)

3    enclosed in a sealed envelope or package designated by the express service carrier and deposited

4    in a facility regularly maintained by the express service carrier or delivered to a courier or driver

5    authorized to receive documents on its behalf, with delivery fees paid or provided for, addressed to

6    the address last shown by that person on any document filed in the action as indicated above.

7    X    BY MAIL: By placing a true and correct copy of such document(s) enclosed in a

8    sealed envelope addressed to the offices indicated above. I am "readily familiar" with the firm's

9    practice of collection and processing correspondence for mailing. Under that practice it would be

10    deposited with U.S. postal service on that same day with postage thereon fully prepaid at San

11    Francisco, California in the ordinary course of business. I am aware that on motion of the party

12    served, service is presumed invalid if postal cancellation date or postage meter date is more than

13    one day after date of deposit for mailing in affidavit.

14    Executed on March 5, 2008, at San Francisco, California.

15    I declare under penalty of perjury under the laws of the State of California that the above is

16    true and correct.

Asma Zia

-2-
PROOF OF SERVICE
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*

#28810 v1