```
1  Adam Brezine (CA Bar No. 220852)
   HOLME ROBERTS & OWEN LLP
2  560 Mission St.
   25th Floor
3  San Francisco, CA  94105
4  Telephone:  (415) 268-2000
   Facsimile:   (415) 268-1999
5  adam.brezine@hro.com

6
   Attorneys for Defendants
7  Fan Action Inc. and Robert Firth
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Razoreye Media Group, Ltd.**, a British Virgin Islands corporation,<br><br>Plaintiff,<br><br>v.<br><br>**Fan Action, Inc.**, an Indiana corporation, d/b/a Blue & Gold Illustrated, d/b/a Blue & Gold Traditions; and **Robert Firth**, an individual,<br><br>Defendants. | CASE NO. 08-1296-EDL<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE OR ALTERNATIVE MOTION TO TRANSFER VENUE; MEMORANDUM IN SUPPORT**<br><br>Date: April 29, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom E, 15th Floor |

To Plaintiff And Its Counsel Of Record:

PLEASE TAKE NOTICE THAT on **April 29, 2008**, at **9:00 a.m.** in Courtroom E, 15th Floor, or as soon thereafter as Defendants motion may be heard, before the Hon. Elizabeth D. Laporte, Defendants Fan Action, Inc. ("Fan Action") and Robert Firth will and hereby move this Court for an order dismissing this case on the grounds of improper venue, or in the alternative transferring the case to the Northern District of Indiana. The grounds for this motion are as follows:

- The parties to this dispute entered a clear and binding agreement with an explicit forum selection clause, requiring "any lawsuit" by plaintiff Razoreye Media Group, Ltd. to be filed "exclusively … in state and federal courts in or near St. Joseph

1
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

County, Indiana." As a result, venue in the Northern District of California is improper, and this action should be dismissed. Fed. R. Civ. P. 12(b)(3).

- Even if the parties had not explicitly agreed to a different venue for this dispute, the case should be transferred in the interests of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). None of the parties, or their principals, reside in or keep offices or operations in this District, and this dispute did not arise here. The parties agreed that this dispute is to be governed by Indiana law; none of the relevant witnesses or evidence are located in this District; and most of the relevant witnesses and evidence are located in the Northern District of Indiana. Every relevant factor to be considered under § 1404(a) weighs heavily in favor of transfer, and no factor favors a trial in this District.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Michelle Hamilton submitted herewith, the pleadings on file in this action, and upon such other matters that this Court may properly consider under the Federal Rules.

Plaintiff's opposition to this motion is due on **April 8, 2008**, and Defendants' reply papers are due **April 15, 2008**.

Dated: March 24, 2008                HOLME ROBERTS & OWEN LLP

By: _/s/ Adam Brezine_____
Adam Brezine

Attorneys for Defendants
Fan Action, Inc. and Robert Firth

2
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** .................................................................. 1

I. Introduction and Summary of Relief Requested ................................................................ 1

II. Summary of Relevant Facts and Factual Allegations ........................................................ 2

    A. Parties ...................................................................................................................... 2

    B. Razoreye Buys *www.IrishToday.com* And Then Sells It To Fan Action ............. 3

        1. *The Contract* ............................................................................................... 3

        2. *Integration Clause; Advice of Counsel* ..................................................... 4

        3. *Forum Selection Clause* ............................................................................. 4

    C. Plaintiff's Claims ..................................................................................................... 5

    D. Timely Removal To This Court .............................................................................. 6

III. Legal Standard ...................................................................................................................... 6

IV. Argument ............................................................................................................................... 7

    A. The Contract Plainly States That Any Lawsuit Initiated By Plaintiff Must Be Filed Exclusively In Indiana, And Plaintiff Cannot Carry Its Burden To Avoid This Binding Forum Selection Clause ................................................................... 7

        1. *Plaintiff's Claim That The Contract Allows It To "Seek" Injunctive Relief Anywhere Is Contrary To The Plain Language Of The Contract And Would Effectively Delete The Forum Selection Provision Altogether* .................. 8

    B. Even If The Parties Had Not Agreed To Indiana As The Venue For This Lawsuit, The Interests Of Justice And The Convenience Of The Parties And Witnesses Favors A Transfer Under 28 U.S.C. § 1404(a) ..................................... 9

V. Conclusion ........................................................................................................................... 12

i

Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

Case 3:08-cv-01296-EDL    Document 4    Filed 03/24/2008    Page 4 of 16

# TABLE OF AUTHORITIES

## CASES

*Bremen*, 407 U.S. at 15-16 .......................................................................................... 8

*Cerestar USA, Inc. v. Safway Steel Products, Inc.*, 2005 U.S. Dist. LEXIS 12274 (N.D. Ind., June 20, 2005) ............................................................................................................. 9

*City of Lawrenceburg v. Milestone Contractors, L.P.*, 809 N.E.2d 879 (Ind. Ct. App. 2004) ........ 9

*Fabus Corp. v. Asiana Express*, 2001 U.S. Dist. LEXIS 2568 (N.D. Cal. Mar. 5, 2001) .............. 10

*Holland America Line Inc. v. Wartsila North America*, 485 F.3d 450 (9th Cir. 2007) ................. 1, 6

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 513 (1972) .......... 1, 6

*Jones v. GMC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) .......................................... 6, 7, 8, 9

*Fireman's Fund Insurance Co. v. M.V. DSR Atlantic*, 131 F.3d 1336 (9th Cir. 1998) ........ 6, 7, 8, 9

*Murphy v. Schneider National, Inc.*, 362 F.3d 1133 (9th Cir. 2004) ................................................ 1

*Sagent Tech. v. Micros System*, 2002 U.S. Dist. LEXIS 26647 (N.D. Cal. May 29, 2002) .............. 2

*Soil Shield International v. Lilly Industries, Inc.*, 1998 U.S. Dist. LEXIS 8002 (N.D. Cal., May 29, 1998) ............................................................................................................. 7

*Van Dusen v. Barrack*, 376 U.S. 612, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964) ............................... 7

## FEDERAL STATUTES

28 U.S.C. § 1404(a), § 1406(a) ............................................................................... 1, 2, 7, 9

Fed. R. Civ. P. 12(b)(3) ............................................................................................. 1, 2, 6, 12

i

Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction and Summary of Relief Requested

This dispute arises out of a freely-negotiated integrated contract between sophisticated business parties, entered with the advice of counsel, which contains an explicit forum selection clause requiring the plaintiff Razoreye Media Group Ltd. ("Razoreye") to bring "any lawsuit ... exclusively ... in state and federal courts in or near St. Joseph County, Indiana." Compl., Ex. A, ¶ 11.[1]  As a result of this clear provision, venue for this dispute is improper here in California, and this case should be dismissed.  Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).  Plaintiff bears a significant burden to avoid the effect of the forum selection clause, and it does not allege, and cannot prove, facts to justify ignoring the parties' agreement.  *Holland Am. Line Inc. v. Wartsila North Am.*, 485 F.3d 450, 457 (9th Cir. 2007), citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 513 (1972), and *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

Even if plaintiff had not explicitly agreed to file suit in Indiana, this case should be transferred there in the interests of justice and for the convenience of the parties and witnesses.  28 U.S.C. § 1404(a).  Put simply, there is nothing about this dispute that favors trial in the Northern District of California.  None of the individual parties or representatives reside here, and the entities do not have their places of business here.  The businesses at issue – Internet publications operating under the names *www.IrishToday.com* and *www.BlueandGold.com* – focus on news regarding sports at the University of Notre Dame, in St. Joseph County, Indiana.  Compl. ¶¶ 1-2.  The plaintiff is a foreign corporation, with offices in Florida, and does not claim any connection to California or this district.  Compl. ¶ 7.  The defendants are both located in Indiana.  Compl. ¶¶ 8-9.  The Contract at issue is governed by Indiana law, which will naturally be more familiar to courts in Indiana.  The relevant documents and witnesses are primarily located in Indiana – and apparently *none* of them are located in California.  Hamilton Decl. ¶¶ 12-13.  Indiana is even closer for the plaintiff, when it

---

[1] The Complaint is attached as Ex. A to the Declaration of Michelle Hamilton ("Hamilton Decl."), Director of Operations for defendant Fan Action, submitted herewith.

1

Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

travels from its principal place of business in Florida. Plaintiff's choice of California as a forum for this dispute – apart from being a breach of the parties' clear agreement – is nothing more than an attempt to drive up the cost and inconvenience of litigation for a dispute that is obviously centered elsewhere. Section 1404(a) is specifically meant to allow for transfer under these circumstances – to prevent waste of time, energy, and money and to protect against unnecessary inconvenience and expense. *See Sagent Tech. v. Micros Sys.*, 2002 U.S. Dist. LEXIS 26647, *2 (N.D. Cal. May 29, 2002), citing *Van Dusen v. Barrack*, 376 U.S. 612, 616, 11 L. Ed 2d 945, 84 S. Ct. 805 (1964).

For these reasons, this matter should be dismissed or transferred to the Northern District of Indiana for further proceedings.

## II.     Summary of Relevant Facts and Factual Allegations

### A.     Parties

Plaintiff Razoreye is a British Virgin Islands corporation with its principal place of business in Florida. Compl. ¶ 7. For some period ending in March, 2006, Razoreye operated the website located at *www.IrishToday.com*, which was "dedicated to covering the Notre Dame football program." Compl. ¶ 12.

Defendant Fan Action is an Indiana corporation with its principal place of business in Mishawaka, Indiana (a town in St. Joseph County, Indiana, near the University of Notre Dame). Compl. ¶ 8; Hamilton Decl. ¶ 3. Among other things, Fan Action operates the website located at *www.BlueandGold.com*, and the print publication Blue and Gold Illustrated (collectively, "Blue & Gold"). Blue & Gold also offers subscribers news about Notre Dame's football program, as well as news about other Notre Dame sports, and through a related catalog business, Blue & Gold sells Notre Dame memorabilia and apparel. Compl. ¶¶ 14-15; Hamilton Decl. ¶ 4.

Defendant Robert Firth lives in Granger, Indiana, and is the President of Fan Action. Compl. ¶ 9; Hamilton Decl. ¶ 16 He took part in the negotiation of the Contract on behalf of Fan Action, along with "his agent" Michelle Hamilton, Fan Action's Director of Operations. Compl. ¶¶ 9, 17; Hamilton Decl. ¶ 6.

///

2
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

### B. Razoreye Buys *www.IrishToday.com* And Then Sells It To Fan Action

In approximately 2004-2005, the previous owners of *www.IrishToday.com*, sold the business to Razoreye. Hamilton Decl. ¶ 8. Prior to that sale, the business had been operated out of Elkhart, Indiana (which is just east of Notre Dame). Hamilton Decl. ¶ 7. In October, 2005 Razoreye and Fan Action entered negotiations for the sale of the *IrishToday* business to Fan Action. Hamilton Decl. ¶ 8.

#### 1. *The Contract*

On March 30, 2006, the parties entered the Asset Sale and Purchase Agreement ("Contract"), a full copy of which is attached to the Complaint. In the Contract, plaintiff is identified as "Seller" and Fan Action is identified as "Buyer." Contract, p. 1. Defendant Robert Firth is not a party to the Contract, but he signed it on behalf of Fan Action. Contract p. 7 (signature page). The Contract was negotiated on Fan Action's part entirely in Indiana, and Razoreye repeatedly contacted Fan Action and its agents in Indiana to negotiate and close the deal. Hamilton Decl. ¶ 9. The addresses on the Contract, in the signature block, show that Fan Action was present in Indiana, and that plaintiff's representative – Craig Basaraba – was located in Bellingham, Washington. Contract, p. 7.

Under the Contract, plaintiff sold to Fan Action all the assets and intellectual property affiliated with *www.IrishToday.com*, including the domain name, the trade name "IrishToday.com," and its list of current and past subscribers. *See* Contract p. 1, "Sale of Assets" and "Transfer of Intellectual Property," and Exhibit A to the Contract, "Description of Assets."

Fan Action paid a total of $40,000.00 up front under the Contract. Compl. ¶ 22. Fan Action also agreed to pay plaintiff a 50% portion of certain revenue for 12 months. Compl. ¶ 22.[2] The revenue at issue is variously described in the Complaint as either "a fifty (50%) percent share of Blue and Gold's gross revenue," or revenue "derived from" existing *www.IrishToday.com* subscribers, new subscribers to *www.IrishToday.com*, and any new subscribers to Blue & Gold. Compl. ¶¶ 22, 23. The Contract itself says that the revenue at issue is the revenue gained from

---

[2] $10,000.00 of the amount paid up front was a pre-payment against this amount. Compl. ¶ 22, Contract p. 2, ¶ 3(b).

3
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

sources that are *both* "a) derived from the unique Irish Today names (names not already on the Blue & Gold database) and b) after the Effective Date, any new subscribers or renewals to *IrishToday.com* and any new subscribers to *blueandgold.com*." Contract, p. 2, ¶ 3(c).[3]

Under the Contract, plaintiff made a variety of representations about the state of the *IrishToday* business and its employees and assets (*see* Contract, pp. 2-4, ¶5), and Fan Action represented that it had the authority to enter the Contract and that it would exercise "reasonable efforts to market and promote" www.IrishToday.com going forward. Compl. ¶ 24; Contract p. 4, ¶6.

### 2.  *Integration Clause; Advice of Counsel*

By its written terms, the Contract is an integrated agreement that supersedes any previous oral agreements, and "contains the whole of the Agreement between the Parties." Contract, p. 5 ("Supersede"). The parties expressly acknowledged that they read the Contract, "freely and voluntarily agree[d] to all its terms and conditions, and … independently evaluated the desirability of entering into" the Contract. Contract, p. 5 ("Opportunity to Consult With Counsel"). The parties further acknowledged that each had "consulted, or … had ample opportunity to consult, legal counsel regarding this Agreement and each and every provision of this Agreement." *Id.*

### 3.  *Forum Selection Clause*

Paragraph 11 of the Agreement provides, in its entirety:

> **11.  Governing Law; Jurisdiction.** This Agreement shall be governed by the laws of the State of Indiana without giving effect to provisions related to choice of laws or conflict of laws. Venue and jurisdiction of any lawsuit involving this Agreement shall exist exclusively i) in state and federal courts in our near St. Joseph County, Indiana, for any action brought by Seller or Owners, and ii) in state and federal courts in or near San Francisco County, California, for any action brought by Buyer, unless injunctive relief is being enforced by Buyer or Seller, and, according to Seller's sole discretion, such relief may not be effective unless enforced in another venue.

---

[3] It would appear from the Complaint, therefore, that plaintiff is seeking a portion of revenue from sources beyond those identified in the Contract, but that issue does not need to be addressed on this motion.

4
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

This paragraph contains three separate clauses relevant to this motion: First, the Agreement is governed by the laws of Indiana. Second, the parties agreed to venue depending on the party initiating the lawsuit – if Razoreye brings "any action" or "any lawsuit," it must do so "exclusively" in state or federal courts in or near St. Joseph County, Indiana. And third, if Razoreye were to successfully obtain injunctive relief in a lawsuit it files in Indiana, it can "enforce" that relief elsewhere if necessary.[4]

### C.  Plaintiff's Claims

The complaint includes two causes of action – for "promissory fraud" and breach of contract. The first – for promissory fraud – is directed only to Robert Firth.[5] Compl. First Cause of Action, pp. 6-7. Plaintiff alleges that Firth, leading up to the execution of the Contract, made a variety of representations about what Fan Action would do in connection with the sale of *www.IrishToday.com*, including that Fan Action would "make reasonable efforts to market" the site, pay "a significant portion of the combined prospective gross revenue of Irish Today and Blue and Gold," and implement "tracking software" to monitor the revenue at issue. Compl. ¶¶ 30-32. Plaintiff claims Firth "knew .. his statements were false" when he made them, and that plaintiff relied on the false statements in deciding to enter the Contract. Compl. ¶¶ 33-35.

The second claim, for breach of contract, alleges that Fan Action is in breach of the Contract for failing to make required revenue payments, failing to provide an accounting, and failing to exercise "reasonable efforts" to operate *www.IrishToday.com*. Compl. ¶ 42.

---

[4] Contrary to the language of the Contract, plaintiff alleges in the Complaint that the clause says it can "seek" injunctive relief anywhere it chooses. Compl. ¶ 10.

[5] Although he is named individually as a defendant, the complaint makes no allegations against Robert Firth in his individual capacity. In fact, the complaint states that Firth's only involvement was as "President of Fan Action" and in negotiating the Contract "on behalf of Fan Action." Compl. ¶ 9, 16.

5
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

Plaintiff seeks to recover compensatory damages, punitive damages, pre- and post-judgment interest, costs and attorneys' fees,[6] as well as an injunction requiring Fan Action to produce quarterly accounts for the contract period. Compl., Prayer for Relief.

### D. Timely Removal To This Court

Plaintiff filed this action in San Francisco Superior Court on February 1, 2008, and served the Complaint on Fan Action and Robert Firth on February 8, 2008. Because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interest and costs, defendants timely removed the case to this Court on March 4, 2008. By stipulation, the time for Defendants to respond to the complaint was extended to March 24, 2008.

### III. Legal Standard

In *M/S Bremen*, the Supreme Court held that a forum selection clause like the one at issue here is presumptively valid, and should not be set aside unless the party challenging the clause can carry a "heavy burden" of establishing one of a limited number of grounds for ignoring the agreement. *Jones v. GMC Franchising, Inc.*, 211 F. 3d 495, 497 (9th Cir. 2000), *citing Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1998); *see also Holland Am. Line Inc. v. Wartsila North Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007). To proceed here in California, then, plaintiff must clearly show that enforcement of the agreement would be "unreasonable and unjust" either because the forum selection clause itself is "invalid for reasons such as fraud or overreaching," that the clause contravenes a strong California public policy, or that the agreed forum – Indiana – is so "seriously inconvenient" that the plaintiff would be gravely harmed by adherence to the clause, and effectively be denied its day in court. *See Jones*, 211 F.3d at 497 (citations omitted).[7]

---

[6] Neither of plaintiff's claims support any claim for fees, and the Contract does not contain an attorneys' fees provision.

[7] While the allegations of the Complaint are sufficient to support this motion (largely because the Contract is attached), the pleadings need not be accepted as true, and it is proper for this Court to consider facts beyond the pleadings on a motion under Fed. R. Civ. P. 12(b)(3). *Holland Am. Line*, 485 F.3d at 454, *citing Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

6
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

Even in the absence of a forum selection clause, it is proper to transfer a case to another district "[f]or the convenience of the parties and witnesses, in the interest of justice...." 28 U.S.C. § 1404(a). Section 1404(a) grants this Court considerable discretion to decide motions to transfer according to "individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498-99, *citing Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In addressing the specific facts and circumstances, this Court may consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the Plaintiff's choice of forum; (4) the respective parties contacts with the forum; (5) the contacts relating to the Plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99. No single factor is dispositive, and the overriding purpose of § 1404(a) is to prevent waste of time, energy, and money, and to protect the parties, witnesses, and the public against unnecessary inconvenience and expense. *See Van Dusen*, 376 U.S. at 616.

## IV.  Argument

### A. The Contract Plainly States That Any Lawsuit Initiated By Plaintiff Must Be Filed Exclusively In Indiana, And Plaintiff Cannot Carry Its Burden To Avoid This Binding Forum Selection Clause

Plaintiff cannot carry its "heavy burden" to show that the Contract's forum-selection clause should be ignored here. Plaintiff does not and cannot allege that the forum-selection clause is the product of "fraud or overreaching." While plaintiff purports to state claims for breach of the Contract and promissory fraud in the negotiation period, merely alleging a breach or other "wilful and malicious" wrongdoing in connection with the Contract is not enough – the plaintiff has to prove actual fraud or overreaching connected with the "inclusion of the forum selection clause" itself. *See Soil Shield Int'l v. Lilly Industries, Inc.*, 1998 U.S. Dist. LEXIS 8002, *6 (N.D. Cal., May 29, 1998) (enforcing forum selection clause, finding plaintiff failed to make showing "that inclusion of the forum selection clause in the Agreement resulted from any fraud or overreaching by Defendants").

There is no "public policy" in California that would be violated by enforcing the forum selection clause. Holding the parties to their agreement here would simply require a foreign

7
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

corporation, with its offices in Florida, to pursue contract and related claims against Indiana citizens in Indiana. No public policy is implicated. *Compare Jones*, 211 F.3d at 497-98 (holding that a *specific California statute* voiding forum selection clauses in franchise agreements was evidence of a "public policy" sufficient to avoid enforcement of the agreement.)

And plaintiff does not allege, and cannot possibly hope to prove, that enforcement of the forum selection clause will create such grave inconvenience that it will effectively be "denied its day in court." *Bremen*, 407 U.S. at 15-16. Razoreye is obviously a sophisticated business player – it does (or has done) business in a variety of locations, Indiana included, and can just as easily travel to Indiana for court appearances and trial as it can travel to San Francisco. Plaintiff will have its day in court, but in the forum it agreed to under the Contract.

### 1. *Plaintiff's Claim That The Contract Allows It To "Seek" Injunctive Relief Anywhere Is Contrary To The Plain Language Of The Contract And Would Effectively Delete The Forum Selection Provision Altogether*

Either out of an attempt to avoid the forum selection clause, or in a blatant misstatement of its terms, Plaintiff alleges in the Complaint that venue is proper here because the Contract allows it to "seek" injunctive relief anywhere it chooses, in its "sole discretion." Compl., ¶ 10. This is not what the Contract says. Rather, it says that if plaintiff were to attempt to "enforce" injunctive relief, and that relief would not be effective unless enforced outside of St. Joseph County, Indiana, then it can take action elsewhere. Contract, p. 5, ¶ 11 ("Governing Law; Jurisdiction"). Obviously, to take action elsewhere, the Contract requires that plaintiff first succeed in *obtaining* injunctive relief in an action properly filed in Indiana.

Adopting plaintiff's version of the Contract would lead to an absurd result. As this Court is aware, it is commonplace for complaints arising out of a contract to include some *claim* for injunctive relief (perhaps this case presents the most common scenario – a claim for an "accounting" to accompany a claim for money damages). Compl., Prayer for Relief. This is entirely distinct from an effort to "enforce" injunctive relief already awarded, which is the term used in the Contract. If plaintiff could file suit anywhere – and avoid the forum selection clause – merely by "seeking" injunctive relief, then the clause would effectively be meaningless for Fan Action. Contracts, of course, are to be interpreted in such a way as to give meaning to their terms, and plaintiff's proposal

8

Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

– which would effectively delete one half of the forum selection clause – is not appropriate. *See Cerestar USA, Inc. v. Safway Steel Prods., Inc.*, 2005 U.S. Dist. LEXIS 12274, (N.D. Ind., June 20, 2005), citing *City of Lawrenceburg v. Milestone Contractors, L.P.*, 809 N.E. 2d 879, 883 (Ind. Ct. App. 2004) (Indiana law requires courts to avoid contract interpretation "that would render any words, phrases, or terms ineffective or meaningless").

### B. Even If The Parties Had Not Agreed To Indiana As The Venue For This Lawsuit, The Interests Of Justice And The Convenience Of The Parties And Witnesses Favors A Transfer Under 28 U.S.C. § 1404(a)

Every one of the various factors to be considered weighs in favor of transferring this case to the Northern District of Indiana, and no factor favors a trial in the Northern District of California.

*1. The Contract Was Predominantly Negotiated In Indiana, And Entirely Outside of California.* Fan Action negotiated the Contract at issue from its offices in Mishawaka, Indiana. Hamilton Decl. ¶ 9. While plaintiff may have been in Washington (or Florida, or the British Virgin Islands, or elsewhere), there is no allegation in the Complaint that the plaintiff was present in California, or that Fan Action directed any of its negotiations to California. Indiana was not a "strange place" to plaintiff in any event – it negotiated the Contract with Fan Action just 1-2 years after it came to Indiana to purchase www.IrishToday.com from a different set of Indiana residents. Hamilton Decl. ¶¶ 7-8.

*2. Courts In Indiana Will Be More Familiar With The Governing Indiana Law.*

There are no federal questions in this case, and the dispute will be governed by state law. In the same paragraph that requires suit to be filed in Indiana, the parties agreed that Indiana law would apply to the Contract. Contract, ¶ 11. Obviously, the state and federal courts sitting in Indiana will be more familiar with Indiana law – as will the lawyers representing the parties in Indiana.

*3. Plaintiff's Choice Of Forum Is Not Entitled To Deference Here.* As noted above, plaintiff agreed to a forum-selection clause that required this suit to be brought in Indiana. Even if that clause is not strictly enforced, it remains a "significant factor" in considering this motion under § 1404(a). *Jones*, 211 F.3d at 497, citing *Stewart*, 487 U.S. at 29. Plaintiff is not a California resident, and does not have offices here. The alleged breach of contract and fraud did not occur in California. A plaintiff's choice of forum deserves less deference if the venue is not plaintiff's

9

Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

residence or the forum lacks a meaningful connection to the conduct alleged. *Fabus Corp. v. Asiana Express*, 2001 U.S. Dist. LEXIS 2568,*4 (N.D. Cal. Mar. 5, 2001). Here, not only is the choice of California a direct violation of the parties' agreement, but it bears no relation to any of the parties or to any of the conduct that allegedly supports plaintiff's complaint.

    **4.    *The Parties' Contacts With Indiana Are Far More Significant Than Their Contacts With California*.** Razoreye does not claim to have offices in California, or otherwise regularly conduct business here. Fan Action does not have offices or regular operations in California, and Fan Action's contacts with California are primarily limited to its subscribers here. Hamilton Decl. ¶ 5. In contrast, both parties have extensive contacts with the State of Indiana, in particular related to the subject matter of this lawsuit. The school that is the focus of both publications – Notre Dame – is located in the Northern District of Indiana. Plaintiff bought *www.IrishToday.com* from individuals residing in the Northern District of Indiana, Hamilton Decl. ¶ 7, and then turned around and sold *www.IrishToday.com* to Fan Action, an entity headquartered in the Northern District of Indiana. And plaintiff contacted Fan Action – in Indiana – to consummate the sale at issue here. Hamilton Decl. ¶¶ 8-9.

    **5.    *There Are No Contacts With California Relating To Plaintiff's Claims*.** Plaintiff does not and cannot allege that either Fan Action or Robert Firth had any "contacts" or business dealings with California related to the claims at issue here. Fan Action's contacts with California are limited to its dealings with subscribers and customers here. Hamilton Decl. ¶ 5. None of these contacts have anything to do with the Contract or with plaintiff's claims.

    **6.    *This Litigation Would Be Much Less Expensive In Indiana*.** Virtually every aspect of this dispute would be significantly less expensive – for both parties – in Indiana. In Indiana, the defendants and the majority of the third-party witnesses, and their counsel, will not have to travel to attend trial, depositions or court appearances. Razoreye's principals, because it is a foreign corporation with offices in Florida, will have to travel in either event – but Indiana is even much more convenient for plaintiff, as a flight from Miami to Chicago (90 minutes from St. Joseph County, Indiana) is approximately four hours shorter than a flight from Miami to San Francisco. In

10
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

addition, the fees for counsel in the Northern District of Indiana are approximately $125 -$225 per hour, far less than the market average in the Bay Area. Hamilton Decl. ¶ 15.

7. ***The Parties Cannot Compel Witnesses to Attend Trial in California.*** While it is obviously early in the case, and therefore it is difficult to determine what witnesses will be important at a trial if that is ultimately warranted, at the very least the key third-party witnesses would likely include (a) the individuals from whom Razoreye bought *www.IrishToday.com*, who are located in the Northern District of Indiana; and (b) former employees of *www.IrishToday.com*, who are also located primarily in the Northern District of Indiana. Hamilton Decl. ¶ 13. There is also at least one key witness who is a former employee of Blue & Gold-Steve Bishko, the former chief information officer-who is located in the Northern District of Indiana. Hamilton Decl. ¶ 13. We are unaware of *any* relevant witness – either from a party or non-party – that is located in the Northern District of California. Hamilton Decl. ¶ 13.

8. ***The Relevant Sources of Proof Are Predominantly In Indiana, and None Are In California.*** Finally, the relevant sources of proof – particularly documents –are largely in Indiana, and to Defendants' knowledge none of them are in California. Plaintiff seeks recovery based on some aspect of Blue & Gold revenue, and all documents and witnesses associated with the relevant facts are in Indiana. Fan Action does not keep any of its records or employees here in California, but at its headquarters in Indiana (Hamilton Decl. ¶ 12). Razoreye does not claim to have any operations here in California, and there is no reason to this that any witness or document from plaintiff's side of the case is physically located here.

*****

Viewed together, these factors make it clear that plaintiff's effort to have this lawsuit proceed in California – despite its agreement to the contrary – is an attempt to drive up the cost and inconvenience of the litigation. Convenience transfers under § 1404(a) avoid just this type of improper forum-shopping. Even if plaintiff could carry its heavy burden to avoid the forum selection clause, a discretionary transfer to the Northern District of Indiana is appropriate in this case.

11
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1

V.  **Conclusion**

The clear and unambiguous terms of the parties' written, integrated agreement require this action to be filed exclusively in Indiana, and for that reason the case should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3). Even if the forum-selection clause is not strictly enforced in this case, the relevant factors overwhelmingly favor a transfer from this district to the Northern District of Indiana, in the interest of justice and for the convenience of the parties and witnesses. This case should be dismissed, or transferred, and any further proceedings should take place where the parties agreed – "in state or federal courts in or near St. Joseph County, Indiana."

Respectfully submitted,

Dated: March 24, 2008

HOLME ROBERTS & OWEN LLP

By: ___/s/ Adam Brezine___
Adam Brezine

Attorneys for Defendants
Fan Action, Inc. and Robert Firth

12
Notice of Motion and Motion to Dismiss or Transfer; Memorandum in Support
*Razoreye Media Group, Ltd. v. Fan Action, Inc. and Robert Firth*
Case No. 08-1296-EDL

#36390 v1